# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| DUSTIN MCGONIGLE, | |
| Plaintiff, | No. C21-1006-LTS |
| vs. | |
| THE CITY OF DUBUQUE, et al. | **MEMORANDUM OPINION AND ORDER ON MOTION TO DISMISS** |
| Defendants. | |

## I. INTRODUCTION

This case is before me on a motion (Doc. 25) to dismiss filed by defendants Dubuque County, Iowa, John Doe(s) in their individual and professional capacities as Deputies for the Dubuque County Sheriff's Office, and Joseph L. Kennedy in his official capacity as Dubuque County Sheriff (the County Defendants). Plaintiff Dustin McGonigle has filed a resistance (Doc. 30) and the County Defendants have filed a reply (Doc. 31). I find oral argument is unnecessary. *See* Local Rule 7(c).

## II. BACKGROUND

McGonigle commenced this action on April 8, 2021. Doc. 1. His initial complaint did not name the County Defendants as parties. *Id*. Under Federal Rule of Civil Procedure 4(m), his deadline to serve all defendants was July 7, 2021. On that date, United States Magistrate Judge Mark A. Roberts granted McGonigle a "good cause" extension under Rule 4(m), extending his deadline to serve one defendant (Alejandro Pulido) to July 27, 2021. Doc. 6.

McGonigle filed a first amended complaint (Doc. 9) on July 19, 2021, naming the County Defendants as parties for the first time. He states that "[d]ue to mistakes and omission in drafting, the City Defendants were initially named in the claims which were

to be brought against County Defendants, who were not included in the original complaint." Doc. 30 at 2-3. In the first amended complaint, McGonigle alleged he received inadequate observation and medical care during his stay at the Dubuque County Jail from April 11, 2019, to April 12, 2019. *See* Doc. 9. Based on that allegedly deficient care, McGonigle asserts the following claims against the County Defendants:

- Count II: Violation of the Right to Due Process (against Deputy Doe(s))
- Count IV: Violation of the Right to Bodily Integrity (against Deputy Doe(s))
- Count VI: Negligent Hiring, Training, and Supervision (against Dubuque County and Sheriff Kennedy)
- Count VIII: Negligence (against Deputy Doe(s))
- Count X: Respondeat Superior (against Dubuque County and Sheriff Kennedy)

Doc. 9.

McGonigle filed a second amended complaint (Doc. 18) on July 29, 2021. The second amended complaint corrected the name of a different defendant but did not change the claims asserted against the County Defendants. On August 17, 2021, the County Defendants filed their motion (Doc. 25) to dismiss the <u>first</u> amended complaint, even though the first amended complaint had already been replaced by the second amended complaint.[1] However, the claims against the County Defendants are identical in both complaints and McGonigle has not asked the court to deny the County Defendants' motion to dismiss as moot. As such, I will exercise my discretion to treat the County Defendants' motion to dismiss the first amended complaint as a motion to dismiss the second amended complaint. *See Cartier v. Wells Fargo Bank, N.A.*, 547 Fed. Appx. 800, 803-04 (8th Cir. 2013) (acknowledging district courts may treat a motion to dismiss the original complaint as a motion to dismiss the amended complaint when the parties do so).

---

[1] "It is well-established that an amended complaint supercedes [sic] an original complaint and renders the original complaint without legal effect." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) (citing *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000)).

Regardless of which complaint is being referenced, the County Defendants argue McGonigle's claims should be dismissed because they are barred by the applicable statutes of limitations. McGonigle disagrees, contending that the first amended complaint, which added the County Defendants, should be deemed to relate back to the original complaint, rendering McGonigle's claims against the County Defendants timely.

### III. DISCUSSION

*A. Motion to Dismiss Standards*

The Federal Rules of Civil Procedure authorize a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Supreme Court has provided the following guidance in considering whether a pleading properly states a claim:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555, 127 S. Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S. Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of

3

> the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

Courts assess "plausibility" by "'draw[ing] on [their own] judicial experience and common sense.'" *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 679). Also, courts "'review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation.'" *Id.* (quoting *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010)). While *factual* "plausibility" is typically the focus of a Rule 12(b)(6) motion to dismiss, federal courts may dismiss a claim that lacks a cognizable *legal* theory. *See, e.g.*, *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013); *Ball v. Famiglio*, 726 F.3d 448, 469 (3d Cir. 2013); *Commonwealth Prop. Advocates, L.L.C. v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011); *accord Target Training Intern., Ltd. v. Lee*, 1 F. Supp. 3d 927 (N.D. Iowa 2014).

In considering a Rule 12(b)(6) motion to dismiss, ordinarily the court "cannot consider matters outside the pleadings without converting the motion into a motion for summary judgment." *McMahon v. Transamerica Life Ins.*, No. C17-149-LTS, 2018 WL 3381406, at *2 n.2 (N.D. Iowa July 11, 2018); *see* Fed. R. Civ. P. 12(b)(6). On the other hand, when a copy of a "written instrument" is attached to a pleading, it is considered "a part of the pleading for all purposes," pursuant to Federal Rule of Civil Procedure 10(c). Thus, when the pleadings necessarily embrace certain documents, I may consider those documents without turning a motion to dismiss into a motion for summary judgment. *Id.*

When a complaint does not state a claim for relief that is plausible on its face, the court must consider whether it is appropriate to grant the pleader an opportunity to replead. The rules of procedure permit a party to respond to a motion to dismiss by amending the challenged pleading "as a matter of course" within 21 days. *See* Fed. R. Civ. P. 15(a)(1)(B). Thus, when a motion to dismiss highlights deficiencies in a

4

pleading that can be cured by amendment, the pleader has an automatic opportunity to do so. When the pleader fails to take advantage of this opportunity, the question of whether to permit an amendment depends on considerations that include:

> whether the pleader chose to stand on its original pleadings in the face of a motion to dismiss that identified the very deficiency upon which the court dismissed the complaint; reluctance to allow a pleader to change legal theories after a prior dismissal; whether the post-dismissal amendment suffers from the same legal or other deficiencies as the dismissed pleading; and whether the post-dismissal amendment is otherwise futile.

*Meighan v. TransGuard Ins. Co. of Am.,* 978 F. Supp. 2d 974, 982 (N.D. Iowa 2013).

## B. *Analysis*

As noted above, the second amended complaint asserts five separate counts against various of the County Defendants. Doc. 18. Counts II and IV are brought pursuant to 42 U.S.C. § 1983, while Counts VI, VIII and X are state law tort claims brought pursuant to Iowa law. The parties agree that a two-year statute of limitations applies to all of these claims.[2]

McGonigle's claims against the County Defendants arise from alleged acts or omissions that occurred on or before April 12, 2019. *See, e.g.,* Doc. 18 at ¶¶ 38, 58. Because McGonigle filed his original complaint (Doc. 1) on April 8, 2021, he commenced this action within the two-year statute of limitations. However, he did not seek leave to amend his complaint to assert claims against the County Defendants until July 16, 2021, well beyond that two-year deadline. Doc. 7. Thus, the question is whether

---

[2] Claims brought under 42 U.S.C. § 1983 are governed by the statute of limitations for personal injury claims in the state where the suit is brought. *See Devries v. Driesen*, 766 F.3d 922, 923 (8th Cir. 2014). Iowa enforces a two-year statute of limitations for personal injury actions. Iowa Code § 614.1(2); see also *Wycoff v. Menke*, 773 F.2d 983 (8th Cir. 1995) (applying Iowa's two-year statute of limitations to § 1983 claims). McGonigle's tort claims are similarly subject to a two-year statute of limitations under the Iowa Municipal Torts Claims Act (IMTCA). Iowa Code § 670.5.

the first amended complaint (Doc. 9), filed July 19, 2021, relates back to the original, timely complaint.

McGonigle relies on Federal Rule of Civil Procedure 15(c)(1)(C), which states:

**(c) Relation Back of Amendments**.

    (1) *When an Amendment Relates Back*. An amendment to a pleading relates back to the date of the original pleading when:

        \*    \*    \*

    (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

        (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

        (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

*See* Fed. R. Civ. P. 15(c)(1)(C). The Eighth Circuit Court of Appeals has explained that Rule 15(c)(1)(C) allows an amendment to the named parties to relate back to the date of the original pleading when:

> (1) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; (2) the party to be brought in by the amendment … received such notice of the action that it will not be prejudiced in defending on the merits; (3) that party knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity; and (4) the second and third of these requirements were met within the period provided by Rule 4(m) for serving the summons and complaint.

*Lee v. Airgas Mid-South, Inc.*, 793 F.3d 894, 897-98 (8th Cir. 2015) (citing Fed. R. Civ. P. 15(c)(1)(B),(C)) (cleaned up). "The determination of whether an amended pleading should be allowed and whether it relates back to the date of the original pleading are matters within the sound discretion of the trial court." *Shea v. Esensten*, 208 F.3d 712, 720 (8th Cir. 2000).

The parties disagree as to whether the relation-back doctrine applies when a plaintiff "adds a completely new party," and as to whether the County Defendants received notice of the action within the Rule 4(m) time period. With regard to the first issue, McGonigle argues that Rule 15(c)(1)(C) allows relation back when new parties are added. The County Defendants argue that the rule allows such amendments to relate back only for two purposes: (1) substituting parties (such as when a plaintiff replaces a "John Doe" defendant with a named party) and (2) correcting a misnamed party, such as when a plaintiff refers to a defendant as a corporation instead of a partnership. Doc. 31 at 3.

Rule 15(c)(1)(C) does not view "changing the party or the naming of the party" quite as narrowly as do the County Defendants. *See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, n.2 (2010) ("Rule 15(c)(1)(C) speaks generally of an amendment to a 'pleading' that changes 'the party against whom a claim is asserted,' and it therefore is not limited to the circumstance of a plaintiff filing an amended complaint seeking to bring in a new defendant."); *Lee*, 793 F.3d at 898 ("Rule 15(c)(1)(C) imposes an independent requirement for relation back, not satisfied here, that the newly added defendant must have had notice of the suit within 120 days of filing the original complaint."). Therefore, the County Defendants do not automatically prevail simply because they were added as new parties after the statute of limitations expired.

This leads to the second issue, which is whether the County Defendants received notice of the action within the time provided by Rule 4(m). Under that rule, a defendant must be served "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). As

7

noted above, the Rule 4(m) deadline in this case was July 7, 2021, but was extended as to defendant Alejandro Pulido to July 27, 2021. Doc. 6.

McGonigle does not allege that he gave the County Defendants any notice of his claims against them before July 7, 2021. As noted above, he did not seek leave to add the County Defendants to this case until July 16, 2021. Doc. 7. However, McGonigle argues that July 7, 2021, is not the correct deadline because he was granted an extension of time, to July 27, 2021, to serve defendant Pulido. Since the County Defendants received notice of McGonigle's claims against them on or before that date, McGonigle argues that he satisfied the requirements of Rule 15(c)(1)(C).

In support of this argument, McGonigle cites the following footnote in *Lee*:

> The [4(m) service] requirement also can be extended by any service-of-process extensions the district court might grant for "good cause." *See* Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 15, advisory committee's note (1991) ("[T]his rule allows not only the 120 days specified in [Rule 4(m)], but also any additional time resulting from any extension ordered by the court pursuant to that rule.").

*Lee*, 793 F.3d at 897 n.3. The County Defendants argue that *Lee* cannot be read to support McGonigle's interpretation because *Lee* involved a plaintiff substituting a named party for a "John Doe" party, while the newly-added County Defendants were not substituted for any party named in the timely, initial complaint. Doc. 25 at 2.

The County Defendants are correct. The advisory committee note that *Lee* referenced, and partially-quoted, starts with the following explanation: "The rule has been revised to prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense." *See* Fed. R. Civ. P. 15, advisory committee's note to the 1991 amendment. The note later states:

> In allowing *a name-correcting* amendment within the time allowed by Rule 4(m), this rule allows not only the 120 days specified in that rule, but also any additional time resulting from any extension ordered by the court pursuant to that rule, as may be granted, for example, if the defendant is a fugitive from service of the summons.

8

*Id.* (emphasis added). The advisory committee explained that the rule "has been revised to change the result in *Schiavone v. Fortune*, *supra*, with respect to the problem of a misnamed defendant." *Id*. In *Schiavone*, the plaintiffs asserted a libel claim against *Fortune* magazine, although Fortune was the name of an internal division of Time, Inc., not a distinct legal entity. *Schiavone v. Fortune*, 477 U.S. 21, 23 (1986). The Supreme Court held that Time, Inc., could not be added as a party because the prescribed limitations period to amend the complaint (which at the time was the statute of limitations) had expired. *Id*. at 30-31. Thus, Rule 15(c) was amended to alter that seemingly-harsh outcome, providing plaintiffs additional time to serve misnamed defendants.

Here, of course, the County Defendants were not named incorrectly in the original, timely complaint – they were not named at all, in any form. Thus, they are not attempting to take "unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense." If anything, McGonigle is attempting to take unfair advantage of a Rule 4(m) extension he received with regard to one defendant to sustain the untimely claims he filed against the County Defendants.

Under Rule 15(c)(1)(C), McGonigle's amended complaint does not relate back to his timely complaint, as there is no evidence that the County Defendants received any notice of this action on or before July 7, 2021. McGonigle's claims against the County Defendants are barred by the applicable statutes of limitations and must be dismissed.

### IV. CONCLUSION

For the reasons set forth herein, the County Defendants' motion to dismiss (Doc. 25) is **granted**. All claims against defendants Dubuque County, Iowa, John Doe(s) in their individual and professional capacities as Deputies for the Dubuque County Sheriff's Office, and Joseph L. Kennedy in his official capacity as Dubuque County Sheriff, are hereby **dismissed**.

9

**IT IS SO ORDERED.**

**DATED** this 30th day of March 2021.

_____
Leonard T. Strand, Chief Judge